ANTHONY J. MAZZARELLA, APPELLANT, v. BOARD OF
REVIEW *ET AL.*, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted February 26, 1980—Decided March 14, 1980.

Before Judges LORA, ANTELL and PRESSLER.

Middlesex County Legal Services Corp., attorneys for appellant (*Richard J. Bennett* on the brief).

*John J. Degnan*, Attorney General of New Jersey, attorney for respondent (*Michael S. Bokar*, Deputy Attorney General, of counsel and on the brief).

The opinion of the court was delivered by

PRESSLER, J. A. D.

Claimant Anthony J. Mazzarella appeals from the denial by the Board of Review of his claim for temporary disability benefits pursuant to *N.J.S.A.* 43:21 25 *et seq.* The denial was based on the agency determination that the claim was not timely filed, as required by *N.J.S.A.* 43:21 49(a). We reverse.

*N.J.S.A.* 43:21 49(a) requires the employer on the ninth day following his employee's disability to issue to him a prescribed notice, one of whose purposes is to alert him to his potential eligibility for benefits. The employee, should he then determine to make a claim for benefits, is required by this statute to do so within 30 days after the commencement of the period of his disability. The statute further provides that failure of the employee to comply with the 30-day requirement shall not invalidate his claim if he is able to satisfy the division that it was not "reasonably possible" for him to make timely filing and if he thereafter did file "as soon as reasonably possible."

The "not reasonably possible" standard for tolling the statutory time period has not been heretofore interpreted in a reported decision. We are, therefore, called upon here both to construe that standard and to determine if, as administratively construed, it was reasonably applied to the facts of this case.

Claimant had been employed as a driver for some years by General Diaper Service when, on August 1, 1978, he underwent surgery for a physical condition unrelated to his employment. After a recuperative period he reported back to work on September 5, 1978. At that time he was laid off because of lack of work and subsequently applied for and was granted unemployment compensation benefits in respect of that lay-off. The controversy here relates to his entitlement to temporary disability benefits for the some five weeks commencing on August 1, 1978. It is undisputed that prior to his hospitalization, claimant made inquiry of his union's secretary, by whom he was given a

set of claim forms of the Amalgamated Life Insurance Company (ALIC), which was the union's health plan carrier. Claimant was apparently led to believe that all of his financial rights arising from his hospitalization, including temporary disability benefits, would be protected by the filing of these claim forms, which he proceeded promptly to do. His employer did not furnish him with the statutory notice heretofore referred to and the ALIC plan, since it did not in fact provide for temporary disability payments, was not an "approved" private plan whose effect would have been to substitute for and therefore to disqualify claimant for the receipt of benefits under the state plan. See *N.J.S.A.* 43:21 32, 43:21 37. Unaware that he was pursuing an erroneous route, claimant regularly communicated with ALIC over the course of the next four months and was repeatedly told that his claim, including that for temporary disability payments, was being processed and his benefits would be shortly forthcoming. He was first informed that he was not covered for these benefits by ALIC in a telephone conversation with one of its representatives late in November 1978, and this advisory was confirmed by letter from it early in December. He thereafter and in that same month made application to the state plan for temporary disability benefits. The claim was denied by the local office, and although the Appeal Tribunal generally found the facts as herein related, it affirmed the denial on the ground that the application was filed too late. The Board of Review concurred.

 We are persuaded that the claimant acted reasonably and diligently under the circumstances and that the late filing is clearly attributable, not to any neglect or culpability on his part but rather to the combined circumstances of his employer having failed in its statutory notice duty, his union secretary having given him erroneous information and his union's health carrier having acted dilatorily in reviewing and rejecting the claim. Thus, we are satisfied that if the statutorily prescribed filing

period is subject to tolling or extension for reasons grounded in equitable considerations, the determination below must be reversed and claimant's application reversed and processed.

■ The question then is whether the tolling standard of "reasonably possible" was intended by the Legislature to refer only to the physical capacity to make a claim, *i. e.,* a medical impossibility, or whether it was intended to encompass as well the general equitable concept of good cause for the filing delay. We are guided in making the determination that the broader criterion was intended by the recent Supreme Court holding in *Kaczmarek v. New Jersey Turnpike Auth.,* 77 *N.J.* 329 (1978). There the court was faced with a similar constructional problem in respect of that provision of the New Jersey Employer-Employee Relations Act, *N.J.S.A.* 34:13A 1 *et seq.,* which tolls the time for the filing of an unfair labor practice complaint with the Public Employee Relations Commission where an aggrieved person has been "prevented" from making a timely filing. *N.J.S.A.* 3:13A 5.4(c). Acknowledging that the word "prevent" is subject to the same choice between broad and narrow construction which faces us here, and relying further on the remedial nature of the legislation before it, the court opted for the broader interpretation based on the following rationale, which we regard as fully applicable here:

> The term "prevent" may in ordinary parlance connote that factors beyond the control of the complainant have disabled him from filing a timely complaint. Nevertheless, the fact that the Legislature has in this fashion recognized that there can be circumstances arising out of an individual's personal situation which may impede him in bringing his charge in time bespeaks a broader intent to invite inquiry into all relevant considerations bearing upon the fairness of imposing the statute of limitations. *Cf. Burnett v. N. Y. Cent. R.R., supra,* 380 *U.S.* [424] at 429, 85 *S.Ct.* [1050] at 1055, 13 *L.Ed.2d* [941] at 946. The question for decision becomes whether, under the circumstances of this case, the equitable considerations are such that appellant should be regarded as having been "prevented" from filing his charges with PERC in timely fashion. [77 *N.J.* at 340]

The court then went on to note that

An employee, to be "prevented" from filing within the terms of the statute (*N.J. S.A.* 34:13A–5.4(c)), need not have been fettered only by factors that are totally beyond his control. Indeed in a distinctly analogous case, *Burnett v. N. Y. Cent. R.R.*, *supra,* the Supreme Court of the United States observed that "[s]tatutes of limitations are primarily designed to assure fairness to defendants," and that "[t]his policy of repose" with respect to the right to recovery under the Federal Employers' Liability Act, 45 *U.S.C.* § 51 *et seq.*, would be "outweighed" where "a plaintiff has not slept on his rights but, rather has been prevented from asserting them." [*Ibid*]

In our view, interpreting the standard of "not reasonably possible" as encompassing those situations wherein the claimant has been prevented from filing by the totality of relevant factors rather than by physical incapacity alone is not only consistent with the remedial purpose of the Temporary Disability Benefits Law but is also consonant with the *Kaczmarek* approach to determining legislative intent in similar circumstances. We are further satisfied that had the Legislature intended the narrower interpretation, it would have used such unambiguous verbiage as it did in the drafting of the Unsatisfied Claim and Judgment Fund Law, *N.J.S.A.* 39:6 61 *et seq.,* wherein it excepted from the timely notice requirement therein prescribed only those "physically incapable" of giving such notice. *N.J.S.A.* 39:6 65. No such limiting language has been employed in the drafting of *N.J.S.A.* 43:21 49(a).

For the reasons herein set forth, it is our determination that the circumstances surrounding claimant's late filing were such as to compel the conclusion that timely filing was not reasonably possible within the intendment of the applicable tolling provision.

The denial of claimant's claim on the ground of his ineligibility is reversed, and we remand for calculation and payment of temporary disability benefits for the period in question.